SHIRLEY D. DEUTSCH (SBN 76230)
SCHWARTZ & DEUTSCH, LLP
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: deutsch@sdllp.net

MICHAEL C. CHRISTMAN (SBN 319758)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Tel: (314) 342-6334
Fax: (314) 342-6366
Email: michael.christman@macys.com

Attorneys for Defendants
MACY'S WEST STORES, INC. and
MACY'S CORPORATE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHA RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., an Ohio corporation; MACY'S CORPORATE SERVICES, INC., an Ohio corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>Action Filed in State Court: 10/16/20<br>Los Angeles County Superior Court<br>Case No. 20STCV39933 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

Defendants Macy's Corporate Services, Inc.[1] and Macy's West Stores, Inc.[2] ("Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this lawsuit from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of their Notice of Removal of Action, Defendants respectfully submit to this Honorable Court the following:

## I.    STATEMENT OF JURISDICTION

1.    A defendant's notice of removal need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-87, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). Removal jurisdiction exists in this case because this Court has original jurisdiction over Plaintiff Bertha Rodriguez's ("Plaintiff") claims pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which Plaintiff and Defendants are not citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth herein, this case meets all the above requirements for removal and is timely and properly removed by the filing of this Notice of Removal of Action.

## II.    STATE COURT ACTION

2.    On October 16, 2020, Plaintiff filed an action against Defendants in Superior Court of California for the County of Los Angeles entitled *Bertha Rodriguez v. Macy's West Stores, Inc., an Ohio corporation; Macy's Corporate Services, Inc., an*

---

[1] In mid-2020, Macy's Corporate Services, Inc. converted to a limited liability company and is now known as Macy's Corporate Services, LLC.

[2] In mid-2020, Macy's West Stores, Inc. converted to a limited liability company and became Macy's West Stores, LLC. On December 31, 2020, Macy's West Stores, LLC merged into Macy's Retail Holdings, LLC, with Macy's Retail Holdings, LLC emerging as the succeeding entity.

*Ohio corporation; and DOES 1 through 20, inclusive,* Case No. 20STCV39933 (the "State Court Action"). Plaintiff's Complaint asserts the following claims against Defendants: (1) Discrimination in Violation of Gov't Code § 12940 *et seq.*; (2) Retaliation in Violation of Gov't Code § 12940 *et seq.*; (3) Failure to Prevent Discrimination and Retaliation in Violation of Gov't Code § 12940(k); (4) Retaliation in Violation of Gov't Code § 12945.2; (5) Failure to Provide Reasonable Accommodations in Violation of Gov't Code § 12940 *et seq.*; (6) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code § 12940 *et seq.*; (7) Declaratory Judgment; (8) Wrongful Termination in Violation of Public Policy; and (9) Failure to Permit Inspection of Personnel and Payroll Records. See Ex. 1, Complaint.

3.     True and correct copies of the Summonses, Complaint, Civil Case Cover Sheet, Notice of Case Assignment ("Notice"), First Amended General Order ("Order"), and Defendants' Answer and Defenses to Plaintiff's Complaint ("Answer") are attached hereto as Exhibit 1. The Summonses, Complaint, Civil Case Cover Sheet, Notice, and Order were served on Defendants on December 15, 2020, and Defendants filed their Answer in the State Court Action on January 13, 2021. No other process, pleadings, or orders have been served or filed in this action. No other pleadings have been filed, entered, served, or issued upon Defendants or by Defendants.

## III.   **TIMELINESS OF NOTICE OF REMOVAL OF ACTION**

4.     This Notice of Removal of Action is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendants. The Summons and Complaint were served on Defendants on December 15, 2020.

## IV.   **DIVERSITY JURISDICTION**

5.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action in which Plaintiff and Defendants are not citizens of the same state and the amount in

1    controversy exceeds the sum of $75,000, exclusive of interest and costs.

2    **A.      Diversity of Citizenship**

3          6.    For diversity jurisdiction purposes, an individual person's citizenship is

4    established by where that person is domiciled.  28 U.S.C. §1332(a)(1) (an individual is

5    a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561,

6    569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he

7    or she has established a 'fixed habitation or abode in a particular place, and [intends] to

8    remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir.

9    1986). "The intention to remain may be established by factors such as: current

10   residence; voting registration and practices; location of personal and real property;

11   location of brokerage and bank accounts; location of spouse and family; membership in

12   unions and other organizations; place of employment or business; driver's license and

13   automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619,

14   625 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750). Residence is prima facie evidence of

15   domicile for the purposes of determining citizenship. *Marin v. Target Corp.*, No. 20-

16   3502, 2020 U.S. Dist. LEXIS 164554, *4-5 (C.D. Cal. Sept. 9, 2020); *Headley v. FCA

17   US, LLC*, No. 20-00197, 2020 U.S. Dist. LEXIS 68002, *8-9 (C.D. Cal. Apr. 17, 2020);

18   *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134, 2017 U.S. Dist. LEXIS 150368, *9

19   (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L.

20   Ed. 1078 (1891) ("The place where a person lives is taken to be his domicil until facts

21   adduced establish the contrary, and a domicil when acquired is presumed to continue

22   until it is shown to have been changed.").

23         7.    Plaintiff is a citizen of the State of California. Plaintiff states in her

24   Complaint that she has been and remains a resident of the County of Los Angeles in the

25   State of California. <u>Ex. 1, Complaint, ¶ 2.</u> From November 2006 until January 2020,

26   Plaintiff was employed as a sales associate at the Macy's retail store in Montebello,

27   California. Plaintiff's W-2 Wage and Tax Statements list Plaintiff's residence as being

28   in Rosemead, California. The leave of absence correspondence exchanged with Plaintiff

from 2011 to 2020 shows that Plaintiff's residential address is in Rosemead, California. Plaintiff's employment wage statements also show that Plaintiff's residential address is in Rosemead, California. Plaintiff is a citizen of California because she has lived, worked, paid taxes, and remained in California on a permanent/indefinite basis.

8.      For purposes of removing a case from state court to federal court, the citizenship of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

9.      For diversity jurisdiction purposes, a limited liability company is deemed to be a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10.     For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"); *Roy v. Scholastic Book Fairs, Inc.*, No. 20-2547, 2020 U.S. Dist. LEXIS 91613, *6 (C.D. Cal. May 26, 2020) (citing *Hertz*).

11.     At the time Plaintiff filed the State Court Action and at the time this Notice of Removal was filed, Macy's Corporate Services, Inc. n/k/a Macy's Corporate Services, LLC was and is a citizen of the State of Delaware and the State of New York because (i) its sole owner/member was and is Macy's Retail Holdings, LLC, (ii) the sole owner/member of Macy's Retail Holdings, LLC was and is Macy's, Inc., and (iii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York.

12.     In mid-2020, before Plaintiff filed the State Court Action, Macy's West

Stores, Inc. converted from a corporation to a limited liability company and changed its name to Macy's West Stores, LLC. Before its conversion to a limited liability company, Macy's West Stores, Inc. was incorporated in the State of Ohio and (pursuant to *Hertz*) had its principal place of business in New York, New York.  Following its conversion from a corporation to a limited liability company, and at the time Plaintiff filed the State Court Action on October 16, 2020, Macy's West Stores, LLC was a citizen of the State of Delaware and the State of New York because (i) Macy's West Stores, LLC's sole owner/member was Macy's Retail Holdings, LLC, (ii) the sole owner/member of Macy's Retail Holdings, LLC was and is Macy's, Inc., and (iii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York. On or about December 31, 2020, Macy's West Stores, LLC merged into Macy's Retail Holdings, LLC, with Macy's Retail Holdings, LLC emerging as the succeeding entity. At the time this Notice of Removal was filed, Macy's Retail Holdings, LLC is a citizen of the State of Delaware and the State of New York because (i) Macy's Retail Holdings, LLC's sole owner/member is Macy's, Inc., and (ii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York.

13.     In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff (California) and Defendants (Delaware and New York) are citizens of different States.  *See* 28 U.S.C. § 1332(a)(1), (c)(1).

**B.     <u>Amount in Controversy</u>**

14.     In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in his Complaint. *Henry v. Cent. Freight Lines, Inc.*, 692 Fed. Appx. 806, 807 (9th Cir. 2017); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx.

646, 648 (9th Cir. 2012); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Plaintiff seeks to recover compensatory damages (including past and future lost wages and damages for emotional distress), punitive damages, Labor Code § 1198.5 penalties, and attorney fees. <u>Ex. 1, Complaint, ¶¶ 32-35, 45-47, 57-59, 63-65, 73-75, 81-83, 89-91, 110-111, 116, Prayer for Relief.</u> Compensatory damages, punitive damages, Labor Code § 1198.5 penalties, and attorney fees are all included in determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (holding the amount in controversy "includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."); *Jones v. CLP Res., Inc.*, No. 16-2133, 2016 U.S. Dist. LEXIS 68199, *19 (C.D. Cal. May 23, 2016) (holding Labor Code § 1198.5 penalties are included in determining the amount in controversy).

15. Defendants reasonably and in good faith believe that the amount in controversy herein exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the total amount of damages claimed, the removing defendant need only establish that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

   **(i)   Economic Damages**

16. Should Plaintiff prevail on her claims for discrimination, retaliation, and/or wrongful termination in violation of public policy, she could recover past and future lost wages. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (holding past and future lost wages are includable in the amount in controversy for removal purposes in a FEHA case); *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. 13-0926, 2013 U.S. Dist. LEXIS 130082, *7-8 (E.D. Cal. Sept. 11, 2013) (holding "courts

commonly look to the value of the wages plaintiffs may have earned after they were terminated" in determining the amount in controversy in a FEHA case alleging unlawful termination); *James v. Childtime Childcare, Inc.*, No. 06-2676, 2007 U.S. Dist. LEXIS 43753, *4 n.1 (E.D. Cal. May 31, 2007) (holding courts may consider "both past and future lost wages" when determining amount in controversy in a FEHA case alleging unlawful termination); *Thompson v. Big Lots Stores, Inc.*, No. 16-1464, 2017 U.S. Dist. LEXIS 20094, *9-10 (E.D. Cal. Feb. 13, 2017) (same).

17.    Plaintiff alleges that she was employed until January 15, 2020. <u>Ex. 1, Complaint, ¶ 26.</u>  Plaintiff seeks past and future lost wages.  <u>Ex. 1, Complaint, ¶ 33, Prayer for Relief.</u> Past wages are lost wages between the date of the plaintiff's termination and the date of removal, and future wages are lost wages between the date of removal and trial. *Beltran v. Procare Pharm., LLC*, No. 19-8819, 2020 U.S. Dist. LEXIS 26098, *5-6 (C.D. Cal. Feb. 14, 2020). "When the date of trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate." *Id.* (citing cases).

18.    As of the date of this Notice of Removal of Action, it has been one year since Plaintiff alleges her employment ended. According to Plaintiff's W-2 Wage and Tax Statements, Plaintiff had annual wages in the four years prior to 2020 as follows: 2016 – $20,453.16; 2017 – $21,615.56; 2018 – $27,091.24; 2019 – $11,382.96. Assuming Plaintiff would have earned the lowest of these amounts (2019 – $11,382.96) in the year since her termination, the Complaint alleges that Plaintiff has suffered at least $11,382.96 in past lost wages as of the date of this filing. And assuming Plaintiff would have earned the lowest of these amounts (2019 – $11,382.96) in the year between the date of removal and trial, the Complaint alleges that Plaintiff will suffer at least $11,382.96 in future lost wages. Accordingly, the amount of past and future lost wages in controversy is at least $22,765.92 ($11,382.96 past lost wages + $11,382.96 future lost wages).

**(ii)    Punitive Damages**

19.     Plaintiff also seeks punitive damages. <u>Ex. 1, Complaint ¶¶ 35, 46, 58, 64, 74, 82, 90, 111, Prayer for Relief.</u> Plaintiff's punitive damages claim is considered for purposes of determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016); *Thompson v. Big Lots Stores, Inc.*, No. 16-1464, 2017 U.S. Dist. LEXIS 20094, *13 (E.D. Cal. Feb. 13, 2017); *Saldana v. Home Depot USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *8 (E.D. Cal. June 20, 2016). Punitive damage awards in employment discrimination cases can be substantial. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (C.D. Cal. 2002) (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013 U.S. Dist. LEXIS 147849, *17 (C.D. Cal. Oct. 10, 2013) (noting "Punitive damages…in disability discrimination cases can be 'substantial'"); *Castle v. Lab Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *13 (C.D. Cal. May 15, 2017) (citing disability discrimination case resulting in punitive damage award of $500,000).

20.     The amount of punitive damages in controversy in this case is at least $25,000.  In the Complaint, Plaintiff requests that punitive damages be levied against each of the Defendants "in sums in excess of the jurisdictional minimum of this Court." <u>Ex. 1, Complaint, ¶ 35.</u> The jurisdictional minimum for an unlimited civil case filed in the Superior Court of California for Los Angeles County is $25,000. *See* CAL. CODE CIV. P. §§ 85-88; *Calhoun v. Consol. Disposal Serv., LLC*, No. 19-2315, 2019 U.S. Dist. LEXIS 102794, *10 (C.D. Cal. June 18, 2019) (holding for removal purposes that plaintiff's complaint "explicitly claims emotional distress damages exceeding $25,000" because the complaint "claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.'").

21.     The minimum $25,000 amount of punitive damages in controversy also is consistent with estimations of punitive damage amounts in controversy for removal purposes. "A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy." *Bayol v.*

*Zipcar, Inc.*, No. 14-2483, 2015 U.S. Dist. LEXIS 109027, *24 (N.D. Cal. Aug. 18, 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698, 701 (9th Cir. 2007)). *Accord Garfias v. Team Indus. Servs., Inc.*, No. 17-4282, 2017 U.S. Dist. LEXIS 167370, *13 (C.D. Cal. Oct. 10, 2017). The minimum $25,000 amount of punitive damages in controversy is close to a 1:1 ratio with the minimum amount of economic damages ($22,765.92) in controversy shown above.

### (iii)   Emotional Distress Damages

22.   Plaintiff also seeks damages for emotional distress she alleges she suffered and continues to suffer. <u>Ex. 1, Complaint, ¶¶ 32, 34, 45, 57, 63, 73, 81, 89, 110, Prayer for Relief.</u> "Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes." *Castle v. Lab Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *10 (C.D. Cal. May 15, 2017). *Accord Perez v. Hermetic Seal Corp.*, No. 16-5211, 2016 U.S. Dist. LEXIS 132728, *8 (C.D. Cal. Sept. 27, 2016).

23.   Although Defendants dispute that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Perez v. Hermetic Seal Corp.*, No. 16-5211, 2016 U.S. Dist. LEXIS 132728, *9-10 (C.D. Cal. Sept. 27, 2016) (citing disability discrimination verdict of $400,000 in emotional distress damages); *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542, 544 (9th Cir. 1991) (emotional distress award of $25,000); *Castle v. Lab Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *10-11 (C.D. Cal. May 15, 2017) (citing disability discrimination case resulting in $200,000 emotional distress award); *Perona v. Time Warner Cable Inc.*, Case No. 5:14-CV-02501 (C.D. Cal. Feb. 8, 2017) (awarding $80,000 in emotional distress damages in an employment case that involved claims of disability discrimination, failure to accommodate, and failure to engage in the interactive process); *Cosby v. Autozone, Inc.*, 598 Fed. Appx. 540 (9th Cir. 2015) (awarding $250,000 in emotional distress in case alleging disability discrimination, failure to accommodate, and wrongful termination); *Peacock v. Quest Diagnostics,* No. 09-09206 (E.D. Cal. Dec. 16, 2010) (awarding $150,000 in noneconomic damages in

case alleging disability discrimination, failure to accommodate, and wrongful termination); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (upholding district court finding that $25,000 was amount in controversy for alleged emotional distress damages); *Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154, 2015 U.S. Dist. LEXIS 25921, *13-15 (C.D. Cal. Mar. 3, 2015) (in determining the amount in controversy, referencing "jury verdicts awarding emotional distress damages in other employment discrimination and failure to accommodate cases, where emotional distress ranged from $125,000 to $500,000"); *Benns v. ITT Educ. Servs.*, No. 16-3298, 2016 U.S. Dist. LEXIS 91218, *6 (C.D. Cal. July 11, 2016) (noting emotional distress awards in other cases of $45,000 and $500,000); *Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013 U.S. Dist. LEXIS 147849, *17 (C.D. Cal. Oct. 10, 2013) (noting "emotional distress damages in disability discrimination cases can be 'substantial'").

24. Plaintiff alleges that her emotional distress damages exceed "the jurisdictional minimum of this Court." Ex. 1, Complaint, ¶ 34. As noted above, the jurisdictional minimum for an unlimited civil case filed in the Superior Court of California for Los Angeles County is $25,000. *See* CAL. CODE CIV. P. §§ 85-88; *Calhoun v. Consol. Disposal Serv., LLC*, No. 19-2315, 2019 U.S. Dist. LEXIS 102794, *10 (C.D. Cal. June 18, 2019) (holding for removal purposes that plaintiff's complaint "explicitly claims emotional distress damages exceeding $25,000" because the complaint "claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.'"). Thus, at a minimum, $25,000 is in controversy for Plaintiff's alleged emotional distress damages.

**(iv)   Attorney Fees**

25. Plaintiff also seeks attorney fees under FEHA. Ex. 1, Complaint, ¶¶ 47, 59, 65, 75, 83, 91, Prayer for Relief. Attorney fees are included in the amount in controversy calculation when the underlying claims permit recovery of attorney fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Plaintiff has the potential to

recover attorney fees on her FEHA causes of action because FEHA authorizes an award for reasonable attorney fees to a prevailing plaintiff. *See* CAL. GOV'T CODE § 12965(b). Past and future attorney fees must be considered when determining the amount in controversy. *Brooks v. Ford Motor Co.*, No. 20-302, 2020 U.S. Dist. LEXIS 91725, *6 (C.D. Cal. May 26, 2020) (citing *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

26. "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, No. 14-285, 2014 U.S. Dist. LEXIS 76351, *14 (C.D. Cal. May 30, 2014). "Employment claims have been found to 'require substantial effort from counsel.'" *Id.* at *15. *Accord Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154, 2015 U.S. Dist. LEXIS 25921, *12 (C.D. Cal. Mar. 3, 2015). Courts have held that a reasonable hourly rate for employment cases is $300 and that hourly estimates in such cases through trial range from 100 hours to 300 hours. *Garcia*, 2014 U.S. Dist. LEXIS 76351, *15; *Sasso*, 2015 U.S. Dist. LEXIS 25921, *12; *Benns v. ITT Educ. Servs.*, No. 16-3298, 2016 U.S. Dist. LEXIS 91218, *6 (C.D. Cal. July 11, 2016); *Stainbrook v. Target Corp.*, No. 16-90, 2016 U.S. Dist. LEXIS 74844, *13 (C.D. Cal. June 8, 2016); *Castanon v. Int'l Paper Co.*, No. 15-8362, 2016 U.S. Dist. LEXIS 17160, *13-14 (C.D. Cal. Feb. 11, 2016); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-4035, 2015 U.S. Dist. LEXIS 98517, *9 (C.D. Cal. July 27, 2015); *Castillo v. ABM Indus., Inc.*, No. 17-1889, 2017 U.S. Dist. LEXIS 192939, *7-8 (C.D. Cal. Nov. 20, 2017). Accordingly, the amount of attorney fees in controversy in this matter reasonably can be expected to be at least $30,000 ($300 x 100 hours).

### (v)    Labor Code § 1198.5 Provides a $750 Penalty

27. Plaintiff also alleges that she is entitled to recover a $750 penalty for an alleged violation of Labor Code § 1198.5. Ex. 1, Complaint, ¶¶ 113-116.

### (vi)    Minimum Amount in Controversy

28. Thus, while Defendants' position is that Plaintiff is not entitled to any

damages or fees, the minimum amount in controversy in this action is <u>$103,515.92</u>, which is the sum of $22,765.92 in alleged past and future lost wages, $25,000 in alleged punitive damages, $25,000 in alleged emotional distress damages, $30,000 in attorney fees, and $750 for the alleged Labor Code § 1198.5 penalty. Accordingly, the requirements of 28 U.S.C. §1332(a) have been met, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and this case is a civil action between citizens of different states.

## V.   <u>VENUE</u>

29.    Venue is proper in this district and division because the Superior Court of California for Los Angeles County is located within the federal Central District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.   <u>NOTICE TO PLAINTIFF</u>

30.    As required by 28 U.S.C. § 1446(d), Defendants will promptly provide notice of the filing of this Notice of Removal of Action to Plaintiff.

## VII.   <u>NOTICE TO LOS ANGELES COUNTY SUPERIOR COURT</u>

31.    Defendants will promptly file this Notice of Removal of Action with the Clerk of the Superior Court of California for Los Angeles County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove this case from the Superior Court of California, County of Los Angeles, to the United States Court for the Central District of California.

Dated:  January 14, 2021                SCHWARTZ & DEUTSCH, LLP

By: /s/ *Shirley D. Deutsch*
SHIRLEY D. DEUTSCH
Attorneys for Defendants

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Macy's Corporate Services, LLC                                    12/16/2020
Andrea Carolan Litigation Paralegal
Macy's, Inc.
11477 Olde Cabin Road, Suite 400
St. Louis MO 63141

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-4032

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:**<br>**Entity Served If Different:** | Macy's Corporate Services, LLC<br>Macy's Corporate, Services, Inc., |
|---|---|---|
| 2. | **Title of Action:** | Bertha Rodriguez vs. Macy's West Stores, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>Notice of Case Management Conference |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 20STCV39933 |
| 7. | **Case Type:** | Wrongful Termination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 12/15/2020 |
| 10. | **Date to Client:** | Wednesday 12/16/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 01/14/2021     CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Law Offices of Ramin R. Younessi<br>Los Angeles, CA<br>213-480-6200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link and PDF Attachment |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408  Tel: (561) 694-8107  Fax: (561) 694-1639
www.CorporateCreations.com

EXHIBIT 1 000014

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 04:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV39933

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S WEST STORES, INC., an Ohio corporation; MACY'S
CORPORATE SERVICES, INC., an Ohio corporation; [see attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BERTHA RODRIGUEZ, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>**Central District**<br>111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>20STCV39933 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

DATE:    10/16/2020    Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                        Clerk, by   R. Clifton                , Deputy
                                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Macy's Corporate Services, Inc., an Ohio corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT 1 000015

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rodriguez vs. Macy's West Stores, Inc., et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

and DOES 1 through 20, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 1 000016

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 04:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV39933

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

1  Ramin R. Younessi, Esq. (SBN 175020)
   **LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
   3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiff,
   BERTHA RODRIGUEZ

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10  BERTHA RODRIGUEZ, an individual,        Case No. 20STCV39933

11                      Plaintiff,          **COMPLAINT FOR DAMAGES FOR:**

12     v.

13  MACY'S WEST STORES, INC., an Ohio       1. **DISCRIMINATION IN VIOLATION OF**
                                               **GOV'T CODE §§12940 ET SEQ.;**
14  corporation; MACY'S CORPORATE
    SERVICES, INC., an Ohio corporation; and 2. **RETALIATION IN VIOLATION OF**
15  DOES 1 through 20, inclusive,              **GOV'T CODE §§12940 ET SEQ.;**

16                      Defendants.          3. **FAILURE TO PREVENT**
                                               **DISCRIMINATION AND RETALIATION**
17                                             **IN VIOLATION OF GOV'T CODE**
                                               **§12940(k);**
18
                                            4. **RETALIATION IN VIOLATION OF**
19                                             **GOV'T CODE §§12945.2 ET. SEQ.;**

20                                          5. **FAILURE TO PROVIDE REASONABLE**
                                               **ACCOMMODATIONS IN VIOLATION OF**
21                                             **GOV'T CODE §§12940 ET SEQ.;**

22                                          6. **FAILURE TO ENGAGE IN A GOOD**
                                               **FAITH INTERACTIVE PROCESS IN**
23                                             **VIOLATION OF GOV'T CODE §§12940 ET**
                                               **SEQ.;**
24
                                            7. **FOR DECLARATORY JUDGMENT;**
25
                                            8. **WRONGFUL TERMINATION IN**
26                                             **VIOLATION OF PUBLIC POLICY; AND**

27                                          9. **FAILURE TO PERMIT INSPECTION OF**
                                               **PERSONNEL AND PAYROLL RECORDS**
28                                             **(CAL. LABOR CODE §1198.5)**

-1-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000017

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, BERTHA RODRIGUEZ,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, BERTHA RODRIGUEZ, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MACY'S WEST STORES, INC. (hereinafter referred to as "MACY'S WEST") was and is a Ohio corporation doing business at 2000 Montebello Town Center, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MACY'S CORPORATE SERVICES, INC. (hereinafter referred to as "MACY'S CORPORATE") was and is a Ohio corporation doing business at 2000 Montebello Town Center, in the County of Los Angeles, State of California.

5.      MACY'S WEST and MACY'S CORPORATE are hereinafter collectively referred to as "Employers."

6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated private retail stores.

-2-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000018

7.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

EXHIBIT 1 000019

11.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12.     Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

-4-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000020

e. The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15. Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

-5-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000021

**FACTUAL ALLEGATIONS**

18.     On or about November 28, 2006, Defendants hired Plaintiff to work as a general laborer. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 15, 2020.

19.     At the time of Plaintiff's termination, Plaintiff was 58 years old.

20.     On or about August 2, 2018, Plaintiff suffered a work-related injury to her right knee while moving a large cart of clothes. This injury caused the major life activity of working to be more difficult, thus constituting a disability. Plaintiff reported this work-related injury to her supervisor Rafael Doe.

21.     Plaintiff obtained medical treatment and was issued work restrictions. Plaintiff promptly informed Rafael Doe of her restrictions and provided a doctor's note. Plaintiff continued her medical treatment and kept Defendants apprised of her updated work restrictions.

22.     In or around September 2018, Defendants returned Plaintiff to her regular duties, which caused Plaintiff to experience pain. In or around November 2018, Plaintiff notified Rafael Doe of her pain. However, Defendants failed to engage in a good faith interactive process to determine whether accommodations were available to Plaintiff.

23.     Eventually, Defendants returned Plaintiff to her regular duties, which reaggravated Plaintiff's injury.  This injury impaired Plaintiff's major life activity of working, thus constituting a disability.  In or around November 2018, Plaintiff notified Rafael Doe of her injury and pain. However, Defendants refused and failed to engage in a good faith interactive process to determine whether accommodations were available to Plaintiff.

24.     By on or about April 29, 2019, Plaintiff could no longer withstand the pain.  Plaintiff again notified supervisors Rafael Doe and Cynthia Doe of her disability and was sent home. On or about May 1, 2019, Plaintiff obtained medical treatment and was issued work restrictions, which she promptly provided to Defendants. Without engaging in a good faith interactive process with her, Defendants told Plaintiff that they could not accommodate her and placed her on a medical leave of absence until they were able to accommodate her.  While on medical leave, Plaintiff continued to treat her disability and routinely kept Defendants apprised of her updated work restrictions.

COMPLAINT FOR DAMAGES

EXHIBIT 1 000022

25.     On or about December 2, 2019, Plaintiff was released to work without restrictions. Plaintiff promptly informed Defendants of her ability and willingness to work. However, Defendants did not return Plaintiff to work.

26.     Instead, on or about January 15, 2020, Defendants terminated Plaintiff's employment.

27.     Defendants discriminated and retaliated against Plaintiff by wrongfully terminating Plaintiff for exercising her right to request accommodations for her disabilities and/or medical condition, and for engaging in protected activities.

28.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

29.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

30.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

31.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to Rafael Doe, Cynthia Doe, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

32.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression,

EXHIBIT 1 000023

1  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological

2  counseling and treatment, and past and future lost wages and benefits.

3       33.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,

4  commissions, benefits and loss or diminution of earning capacity.

5       34.    Plaintiff claims general damages for emotional and mental distress and aggravation in a

6  sum in excess of the jurisdictional minimum of this Court.

7       35.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or

8  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard

9  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages

10  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this

11  Court.

12

13  **FIRST CAUSE OF ACTION**

14  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

15  **AGAINST ALL DEFENDANTS**

16       36.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as

17  though set forth in full herein.

18       37.    At all times hereto, the FEHA was in full force and effect and was binding upon

19  Defendants and each of them.

20       38.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers

21  to discrimination on the bases of one or more of the protected characteristics under FEHA.

22       39.    FEHA requires Defendants to refrain from discriminating against an employee on the

23  basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the

24  basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement

25  in protected activities from occurring.

26       40.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's age,

27  disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or

28  medical condition.

-8-
EXHIBIT 1 000024

41.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

42.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

43.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

44.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

45.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

46.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

47.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

48.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

EXHIBIT 1 000025

49. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

50. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

51. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

52. Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

53. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

54. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

55. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

56. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

57. The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

58. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

-10-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000026

1  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

3  punitive damages in an amount appropriate to punish or make an example of Defendants.

4      59.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

5  attorneys' fees and costs, including expert fees pursuant to the FEHA.

6

7                    **THIRD CAUSE OF ACTION**

8      **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

9          **IN VIOLATION OF GOV'T CODE §12940(k)**

10                  **AGAINST ALL DEFENDANTS**

11     60.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as

12  though set forth in full herein.

13     61.    At all times hereto, the FEHA, including in particular Government Code §12940(k), was

14  in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants

15  to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged

16  above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps

17  necessary to prevent discrimination and retaliation from occurring.

18     62.    The above said acts of Defendants constitute violations of the FEHA and were a proximate

19  cause in Plaintiff's damage as stated below.

20     63.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated

21  by reference.

22     64.    The foregoing conduct of Defendants individually, or by and through their officers,

23  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

24  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

25  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

26  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

27  punitive damages in an amount appropriate to punish or make an example of Defendants.

28

COMPLAINT FOR DAMAGES

EXHIBIT 1 000027

65.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

### AGAINST ALL DEFENDANTS

66.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

67.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fire, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

68.     At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months. Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

69.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

70.     Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

-12-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000028

71.     Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

72.     The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

73.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

74.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

75.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

76.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

77.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

78.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a

-13-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000029

physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

79.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

80.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

81.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

82.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

83.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-14-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000030

### SIXTH CAUSE OF ACTION

### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

84.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

85.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

86.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

87.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

88.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

89.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

-15-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000031

90.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

91.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST ALL DEFENDANTS

92.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 91, inclusive, as though set forth in full herein.

93.     Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

-16-

94. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

95. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

96. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

97. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

-17-

EXHIBIT 1 000033

98.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

99.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

100.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

101.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## EIGHTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

102.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

103.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from

EXHIBIT 1 000034

1  discriminating against any employee on the basis of age, disability, medical condition, real or perceived,

2  and use of medical leave, and from retaliating against any employee who engages in protected activity.

3      104.   At all times mentioned in this complaint, it was a fundamental policy of the State of

4  California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age,

5  disability, medical condition, real or perceived, use of medical leave and/or engagement in protected

6  activity.

7      105.   Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical

8  condition, real or perceived, use of medical leave, engagement in protected activity with respect to these

9  protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged

10  hereinabove.

11      106.   Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's

12  employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave,

13  Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in

14  protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's

15  damages as stated below.

16      107.   The above said acts of Defendants constitute violations of the Government Code and the

17  public policy of the State of California embodied therein as set forth above.  Defendants violated these

18  laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in

19  retaliation for exercise of protected rights.

20      108.   At all times mentioned in this complaint, it was a fundamental policy of the State of

21  California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use

22  of CFRA leave, or in violation of FEHA.

23      109.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of

24  CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate

25  cause in Plaintiff's damages as stated below.

26      110.   The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated

27  by reference.

28

COMPLAINT FOR DAMAGES

EXHIBIT 1 000035

111.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

<div align="center">

**NINTH CAUSE OF ACTION**

**FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS**

**LABOR CODE §1198.5**

**AGAINST ALL DEFENDANTS**

</div>

112.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

113.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records.  An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

114.    On June 12, 2020, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

115.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

<div align="center">

-20-

COMPLAINT FOR DAMAGES

</div>

EXHIBIT 1 000036

1     1.     For a money judgment representing compensatory damages including lost wages,

2  earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

3  together with interest on these amounts; for other special damages; and for general damages for mental

4  pain and anguish and emotional distress and loss of earning capacity;

5     2.     For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than

6  $750.00;

7     3.     For prejudgment interest on each of the foregoing at the legal rate from the date the

8  obligation became due through the date of judgment in this matter.

9     **WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an

10  amount according to proof, as follows:

11     4.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

12  condemning Defendants' discriminatory practices;

13     5.     For injunctive relief barring Defendants' discriminatory employment policies and

14  practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

15     6.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish

16  Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

17     7.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor

18  Code, and/or any other basis;

19     8.     For post-judgment interest; and

20     9.     For any other relief that is just and proper.

21  DATED:  October 16, 2020        **LAW OFFICES OF RAMIN R. YOUNESSI**
22                            **A PROFESSIONAL LAW CORPORATION**

23

24                       By:

25                          Ramin R. Younessi, Esq.
                            Attorney for Plaintiff
                            BERTHA RODRIGUEZ

26

27

28

-21-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000037

1

## JURY TRIAL DEMANDED

2    Plaintiff demands trial of all issues by jury.

3

4    DATED:  October 16, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION**

5

6    By:

7    Ramin R. Younessi, Esq.
     Attorney for Plaintiff
     BERTHA RODRIGUEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000038

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 09:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (175020) <br> Law Offices of Ramin R. Younessi, A.P.L.C. <br> 3435 Wilshire Boulevard, Suite 2200 <br> Los Angeles, California 90010 <br> TELEPHONE NO.: (323) 777-7777    FAX NO.: (213) 480-6201 <br> ATTORNEY FOR *(Name):* Bertha Rodriguez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Bertha Rodriguez vs. Macy's West Stores, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20STCV39933 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 16, 2020

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)                         ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

EXHIBIT 1 000039

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT 1 000040

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
EXHIBIT 1 000042

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4
EXHIBIT 1 000043

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>2000 Montebello Town Center |
|---|---|
| CITY: Montebello | STATE: CA | ZIP CODE: 90640 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 16, 2020 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/16/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV39933 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on <u>10/19/2020</u>
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By <u>R. Clifton</u>_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 1 000045

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 1 000046

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL                      )
                               )
                               )
                               )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

EXHIBIT 1 000047

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

EXHIBIT 1 000048

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT 1 000049

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)   Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

EXHIBIT 1 000050

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

EXHIBIT 1 000051

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

EXHIBIT 1 000052

1    11) SIGNATURES ON ELECTRONIC FILING

2          For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT 1 000053

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use**

EXHIBIT 1 000054

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT 1 000055

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT 1 000056

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

EXHIBIT 1 000057

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT 1 000058

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                   (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
          (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

EXHIBIT 1 000059

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
| --- | --- |

1. This document relates to:

    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 1 000060

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

EXHIBIT 1 000061

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____        ➤   _____
(TYPE OR PRINT NAME)                                                 (ATTORNEY FOR PLAINTIFF)

Date: _____

_____        ➤   _____
(TYPE OR PRINT NAME)                                                 (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤   _____
(TYPE OR PRINT NAME)                                                 (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤   _____
(TYPE OR PRINT NAME)                                                 (ATTORNEY FOR DEFENDANT)

Date: _____

_____        ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____        ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____        ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____                          _____
                                                                     JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11            **STIPULATION AND ORDER – MOTIONS IN LIMINE**            Page 2 of 2

EXHIBIT 1 000062

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

EXHIBIT 1 000063



**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MC provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.

Visit www.lacourt.org/ADR Res.List for important information and FAQs before contacting them.

NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**

https://wdacs.lacounty.gov/programs/drp/

- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
- Free, day-of-trial mediations at the courthouse. No appointment needed.
- Free or low-cost mediations before the day of trial.
- Free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial. For a copy of trial visit

http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and argument to the arbitrator, who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to a new trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision in the case to assist the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil

For general information about ADR, also visit http://www.courts.ca.gov

2

LASC CIV 271
For Mandatory Use

DEC. 1 5 2020

EXHIBIT 1 000065

**CORPORATE CREATIONS** ®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Macy's West Stores, LLC                                                    12/16/2020
Andrea Carolan Litigation Paralegal
Macy's, Inc.
11477 Olde Cabin Road, Suite 400
St. Louis MO 63141

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-4031

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** **Entity Served If Different:** | Macy's West Stores, LLC Macy's West Stores, Inc., |
|---|---|---|
| 2. | **Title of Action:** | Bertha Rodriguez vs. Macy's West Stores, Inc., et al. |
| 3. | **Document(s) Served:** | Summons Complaint for Damages Notice of Case Management Conference |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 20STCV39933 |
| 7. | **Case Type:** | Wrongful Termination |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 12/15/2020 |
| 10. | **Date to Client:** | Wednesday 12/16/2020 |
| 11. | **# Days When Answer Due:** **Answer Due Date:** | 30 Thursday 01/14/2021  CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** (Name, City, State, and Phone Number) | Law Offices of Ramin R. Younessi Los Angeles, CA 213-480-6200 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link and PDF Attachment |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT 1 000066

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 04:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV39933

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S WEST STORES, INC., an Ohio corporation; MACY'S
CORPORATE SERVICES, INC., an Ohio corporation; [see attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BERTHA RODRIGUEZ, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*   Los Angeles County Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV39933 |
|---|---|

Central District
111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)*   10/16/2020 | Clerk, by<br>*(Secretario)*   R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Macy's West Stores, Inc., an Ohio corporation

    under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT 1 000067

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rodriguez vs. Macy's West Stores, Inc., et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

and DOES 1 through 20, inclusive,

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 1 000068

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 04:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV39933

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
BERTHA RODRIGUEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BERTHA RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., an Ohio corporation; MACY'S CORPORATE SERVICES, INC., an Ohio corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 20STCV39933<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **FOR DECLARATORY JUDGMENT;**<br><br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br><br>9. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5)** |

-1-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000069

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, BERTHA RODRIGUEZ,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, BERTHA RODRIGUEZ, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MACY'S WEST STORES, INC. (hereinafter referred to as "MACY'S WEST") was and is a Ohio corporation doing business at 2000 Montebello Town Center, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MACY'S CORPORATE SERVICES, INC. (hereinafter referred to as "MACY'S CORPORATE") was and is a Ohio corporation doing business at 2000 Montebello Town Center, in the County of Los Angeles, State of California.

5.      MACY'S WEST and MACY'S CORPORATE are hereinafter collectively referred to as "Employers."

6.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated private retail stores.

-2-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000070

7.  At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8.  The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9.  Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

EXHIBIT 1 000071

1    11.    Whenever and wherever reference is made in this complaint to any act or failure to act by

2    a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

3    and/or failures to act by each Defendant acting individually, jointly and severally.

4    12.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent

5    discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and

6    wrongful termination under Government Code §§12940, et seq., the California Fair Employment and

7    Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and

8.   has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

9

10   **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

11   13.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

12   of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of

13   defendants have ceased to exist.

14   14.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

15   purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including,

16   but not limited to because:

17         a.    Employers are completely dominated and controlled by one another and DOES 1-

18   20, who personally committed the frauds and violated the laws as set forth in this complaint, and who

19   have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or

20   accomplish some other wrongful or inequitable purpose.

21         b.    Employers and DOES 1-20 derive actual and significant monetary benefits by and

22   through one another's unlawful conduct, and by using one another as the funding source for their own

23   personal expenditures.

24         c.    Employers and DOES 1-20, while really one and the same, were segregated to

25   appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

26   accomplishing some other wrongful or inequitable purpose.

27         d.    Employers do not comply with all requisite corporate formalities to maintain a

28   legal and separate corporate existence.

-4-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000072

1           e.    The business affairs of Employers and DOES 1-20 are, and at all times relevant

2     were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in

3     inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and

4     DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and

5     were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of

6     Defendants would not promote justice, in that it would permit Defendants to insulate themselves from

7     liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate

8     existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice

9     because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

10         15.    Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the

11     fiction of their separate corporate existence must be disregarded.

12         16.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

13     thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

14     enterprise, and that Plaintiff was an employee of Employers and DOES 1-20.  Plaintiff performed services

15     for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants

16     shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which

17     Defendants' business was and is conducted.

18         17.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

19     between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of

20     assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other

21     Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts

22     to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere

23     continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for

24     the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employers and/or DOES

25     1-20 are the successors of one or more of the other Defendants and are liable on that basis.

26

27

28

EXHIBIT 1 000073

## **FACTUAL ALLEGATIONS**

18.     On or about November 28, 2006, Defendants hired Plaintiff to work as a general laborer. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 15, 2020.

19.     At the time of Plaintiff's termination, Plaintiff was 58 years old.

20.     On or about August 2, 2018, Plaintiff suffered a work-related injury to her right knee while moving a large cart of clothes. This injury caused the major life activity of working to be more difficult, thus constituting a disability. Plaintiff reported this work-related injury to her supervisor Rafael Doe.

21.     Plaintiff obtained medical treatment and was issued work restrictions. Plaintiff promptly informed Rafael Doe of her restrictions and provided a doctor's note. Plaintiff continued her medical treatment and kept Defendants apprised of her updated work restrictions.

22.     In or around September 2018, Defendants returned Plaintiff to her regular duties, which caused Plaintiff to experience pain. In or around November 2018, Plaintiff notified Rafael Doe of her pain. However, Defendants failed to engage in a good faith interactive process to determine whether accommodations were available to Plaintiff.

23.     Eventually, Defendants returned Plaintiff to her regular duties, which reaggravated Plaintiff's injury.  This injury impaired Plaintiff's major life activity of working, thus constituting a disability.  In or around November 2018, Plaintiff notified Rafael Doe of her injury and pain. However, Defendants refused and failed to engage in a good faith interactive process to determine whether accommodations were available to Plaintiff.

24.     By on or about April 29, 2019, Plaintiff could no longer withstand the pain. Plaintiff again notified supervisors Rafael Doe and Cynthia Doe of her disability and was sent home. On or about May 1, 2019, Plaintiff obtained medical treatment and was issued work restrictions, which she promptly provided to Defendants. Without engaging in a good faith interactive process with her, Defendants told Plaintiff that they could not accommodate her and placed her on a medical leave of absence until they were able to accommodate her.  While on medical leave, Plaintiff continued to treat her disability and routinely kept Defendants apprised of her updated work restrictions.

EXHIBIT 1 000074

25.     On or about December 2, 2019, Plaintiff was released to work without restrictions. Plaintiff promptly informed Defendants of her ability and willingness to work.  However, Defendants did not return Plaintiff to work.

26.     Instead, on or about January 15, 2020, Defendants terminated Plaintiff's employment.

27.     Defendants discriminated and retaliated against Plaintiff by wrongfully terminating Plaintiff for exercising her right to request accommodations for her disabilities and/or medical condition, and for engaging in protected activities.

28.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

29.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

30.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously mentioned facts.

31.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to Rafael Doe, Cynthia Doe, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

32.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression,

-7-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000075

1  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological

2  counseling and treatment, and past and future lost wages and benefits.

3      33.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,

4  commissions, benefits and loss or diminution of earning capacity.

5      34.    Plaintiff claims general damages for emotional and mental distress and aggravation in a

6  sum in excess of the jurisdictional minimum of this Court.

7      35.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or

8  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard

9  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages

10  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this

11  Court.

12

13  **FIRST CAUSE OF ACTION**

14  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

15  **AGAINST ALL DEFENDANTS**

16      36.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as

17  though set forth in full herein.

18      37.    At all times hereto, the FEHA was in full force and effect and was binding upon

19  Defendants and each of them.

20      38.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers

21  to discrimination on the bases of one or more of the protected characteristics under FEHA.

22      39.    FEHA requires Defendants to refrain from discriminating against an employee on the

23  basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the

24  basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement

25  in protected activities from occurring.

26      40.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's age,

27  disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or

28  medical condition.

-8-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000076

41.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

42.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

43.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

44.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

45.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

46.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

47.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

48.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

-9-

EXHIBIT 1 000077

49. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

50. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

51. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

52. Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

53. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

54. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

55. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

56. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

57. The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

58. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

-10-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000078

Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

59. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

60. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

61. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

62. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

63. The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

64. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

-11-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000079

65.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

### AGAINST ALL DEFENDANTS

66.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

67.   At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition.  Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fire, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

68.   At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

69.   Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

70.   Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

-12-

EXHIBIT 1 000080

71.     Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

72.     The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

73.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

74.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

75.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

76.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

77.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

78.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a

-13-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000081

1  physical condition that affected Plaintiff's major life activities, and medical condition of which

2  Defendants had both actual and constructive knowledge.

3       79.    At all times herein, Plaintiff was willing and able to perform the duties and functions of

4  the position in which Plaintiff was employed or could have performed the duties and functions of that

5  position with reasonable accommodations.  At no time would the performance of the functions of the

6  employment position, with a reasonable accommodation for Plaintiff's disability or medical condition,

7  actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health

8  or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants,

9  would not have imposed an undue hardship on Defendants.  Defendants failed and refused to

10  accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue

11  to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends

12  Plaintiff was never terminated, through the present and ongoing.

13       80.    The above said acts of Defendants constitute violations of the FEHA and were a proximate

14  cause in Plaintiff's damage as stated below.

15       81.    The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated

16  by reference.

17       82.    The foregoing conduct of Defendants individually, and/or by and through their officers,

18  directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

19  despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

20  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

21  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

22  punitive damages in an amount appropriate to punish or make an example of Defendants.

23       83.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

24  attorneys' fees and costs, including expert fees pursuant to the FEHA.

25

26

27

28

-14-

EXHIBIT 1 000082

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

84.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

85.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

86.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

87.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

88.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

89.     The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated by reference.

-15-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000083

90.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

91.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

92.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 91, inclusive, as though set forth in full herein.

93.     Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

-16-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000084

94. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

95. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

96. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

97. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

-17-

98.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

99.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

100.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

101.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

<div align="center">

**EIGHTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

</div>

102.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, as though set forth in full herein.

103.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from

<div align="center">

-18-

COMPLAINT FOR DAMAGES

</div>

EXHIBIT 1 000086

1   discriminating against any employee on the basis of age, disability, medical condition, real or perceived,

2   and use of medical leave, and from retaliating against any employee who engages in protected activity.

3        104.   At all times mentioned in this complaint, it was a fundamental policy of the State of

4   California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age,

5   disability, medical condition, real or perceived, use of medical leave and/or engagement in protected

6   activity.

7        105.   Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical

8   condition, real or perceived, use of medical leave, engagement in protected activity with respect to these

9   protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged

10  hereinabove.

11       106.   Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's

12  employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave,

13  Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in

14  protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's

15  damages as stated below.

16       107.   The above said acts of Defendants constitute violations of the Government Code and the

17  public policy of the State of California embodied therein as set forth above.  Defendants violated these

18  laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in

19  retaliation for exercise of protected rights.

20       108.   At all times mentioned in this complaint, it was a fundamental policy of the State of

21  California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use

22  of CFRA leave, or in violation of FEHA.

23       109.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of

24  CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate

25  cause in Plaintiff's damages as stated below.

26       110.   The damage allegations of Paragraphs 32 through 35, inclusive, are herein incorporated

27  by reference.

28

-19-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000087

111.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

### NINTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

### LABOR CODE §1198.5

### AGAINST ALL DEFENDANTS

112.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

113.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records.  An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

114.    On June 12, 2020, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

115.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records, and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

-20-

EXHIBIT 1 000088

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

3.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

6.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code, and/or any other basis;

8.    For post-judgment interest; and

9.    For any other relief that is just and proper.

DATED:  October 16, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
BERTHA RODRIGUEZ

-21-
COMPLAINT FOR DAMAGES

EXHIBIT 1 000089

1

## JURY TRIAL DEMANDED

2
    Plaintiff demands trial of all issues by jury.

3

4
DATED:  October 16, 2020                         **LAW OFFICES OF RAMIN R. YOUNESSI**
                                                     **A PROFESSIONAL LAW CORPORATION**

5

6
                                        By:

7
                                                Ramin R. Younessi, Esq.
                                                Attorney for Plaintiff
                                                  BERTHA RODRIGUEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

COMPLAINT FOR DAMAGES

EXHIBIT 1 000090

Electronically FILED by Superior Court of California, County of Los Angeles on 10/16/2020 09:03 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (323) 777-7777    FAX NO.: (213) 480-6201<br>ATTORNEY FOR (Name): Bertha Rodriguez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Bertha Rodriguez vs. Macy's West Stores, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>20STCV39933 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Nine (9)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 16, 2020

Ramin R. Younessi, Esq.
_____    ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT 1 000091

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT 1 000092

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
EXHIBIT 1 000093

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Rodriguez vs. Macy's West Stores, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>2000 Montebello Town Center |
|---|---|

| CITY:<br>Montebello | STATE:<br>CA | ZIP CODE:<br>90640 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 16, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
EXHIBIT 1 000096

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **10/16/2020** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 20STCV39933 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/19/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 1 000097

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 1 000098

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING ) FOR CIVIL ) ) ) ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

EXHIBIT 1 000099

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

EXHIBIT 1 000100

2019-GEN-014-00

d) **Documents in Related Cases**

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) **Lodgments**

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

EXHIBIT 1 000101

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

EXHIBIT 1 000102

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

EXHIBIT 1 000103

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

EXHIBIT 1 000104

2019-GEN-014-00

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                              

11                                                  KEVIN C. BRAZILE
                                                    Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1 000105

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT 1 000106

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department.

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

EXHIBIT 1 000107

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT 1 000108

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

EXHIBIT 1 000109

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT 1 000110

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                                (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR PLAINTIFF)

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR _____)

_____
       (TYPE OR PRINT NAME)

Date:

       ➤ _____
           (ATTORNEY FOR _____)

_____
       (TYPE OR PRINT NAME)

       ➤ _____
           (ATTORNEY FOR _____)

EXHIBIT 1 000111

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

EXHIBIT 1 000112

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY<br><br>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>STATE BAR NUMBER<br><br>FAX NO (Optional):</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT 1 000113

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

EXHIBIT 1 000114

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR)
> ## INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** ce Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior ce Manager **mbinder@jamsadr.com** (310) 309-6204
   - **Mediation Center Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-914
     - Only MC provides mediation in person, by phone and by videoconference.

   These organizations ca t accept every case and they may decline cases at their **discretion.**
   Visit **www.lacour** ADR Res. List for important information and FAQs **before contacting** them.
   NOTE: This prog oes not accept **family law, probate, or small claims cases.**

b. **Los Angeles Co** Dispute Resolution Programs
   **https://wdacs.** ity.gov/programs/drp/
   - Small unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - , day- of- trial mediations at the courthouse. No appointment needed.
     - e or low-cost mediations **before** the day of trial.
     - free or low-cost Online Dispute Resolution (ODR) by phone **or computer before** the
       y of trial visit
       tp://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-
       gSpan.pdf

c. **Mediato** DR and Bar **organizations** that provide mediation may be found on **the internet**

3. **Arbitration:** is less formal than trial, but like trial, the parties present evidence and a ht to person who arbitration, any party can request a trial after the arbitrator's decision e outcome. In "binding" arbitration, the arbitrator's decision is final; th trial. In "no itration, visit **http://www.courts.ca.gov/programs-adr.htm** to the trial informatio who does not

4. **Mandato** t Conferences (MSC): MSCs are ordered by the Court and are c in negotiating date or o trial. The parties and their attorneys meet with a judge or set make a ssists the parties in evaluating the strengths and weaknesse a settle ormation about the Court's MSC programs for civil cases, v **http://** org/division/civil/CI0047.aspx

Los Angeles S ADR website: http://www.lacourt.org/division/civ
For general i videos about ADR, visit http://www.courts.ca.g

LASC CIV 27
For Mandat

2

EXHIBIT 1 000116

---

Y
pa
You

**NOTICL**

Pursuant
CM-110) n
may be filec
case and be

At the Case N
establishing a
case; an order
Reduction Act (

Notice is hereby
Management Con
sections 177.5, 57!
Court, rule 2.2 et se

Dated: __10/22/202(__

I, the below named Exec.
herein, and that on this dat

☑ by depositing in the Unite
   filed herein in a separate

☐ by personally giving the pa.

Ramin Ray Younessi
3435 Wilshire Blvd Ste 22(
Los Angeles, CA 90010

ed: __10/22/2020__

/ 132 (Rev. 07/13)
Approved 10-03
tional Use

**CASE**

e Officer / Clerk of Court

By C. Lam

Deputy Clerk

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

**RENCE**

DEC 15 2020

EXHIBIT 1 000117

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2021 03:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1   SHIRLEY D. DEUTSCH (SBN 76230)
    SCHWARTZ & DEUTSCH, LLP
2   333 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071
3   Tel: (213) 236-9400
    Fax: (213) 236-9499
4   Email: deutsch@sdllp.net

5   MICHAEL C. CHRISTMAN (SBN 319758)
    MACY'S LAW DEPARTMENT
6   11477 Olde Cabin Road, Suite 400
    St. Louis, MO 63141
7   Tel: (314) 342-6334
    Fax: (314) 342-6366
8   Email: michael.christman@macys.com

9   Attorneys for Defendants
    MACY'S CORPORATE SERVICES, LLC (f/k/a MACY'S
10  CORPORATE SERVICES, INC.) and MACY'S RETAIL
    HOLDINGS, LLC (as successor by merger to MACY'S WEST
11  STORES, LLC f/k/a MACY'S WEST STORES, INC.)

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF LOS ANGELES

14

15  BERTHA RODRIGUEZ, an individual,          Case No. 20STCV39933

16              Plaintiff,                     Assigned for all purposes to:
                                              Hon. Stephanie M. Bowick, Dep't 19
17  v.
                                              **DEFENDANTS' ANSWER AND
18  MACY'S WEST STORES, INC., an Ohio        DEFENSES TO PLAINTIFF'S
    corporation; MACY'S CORPORATE           COMPLAINT**
19  SERVICES, INC., an Ohio corporation; and
    DOES 1 through 20, inclusive,            Complaint Filed:    October 16, 2020
20                                            Trial Date:         None Set
                Defendants.
21

22          Subject to and without waiving their right to compel arbitration, in answer to Plaintiff

23  Bertha Rodriguez's ("Plaintiff") Complaint ("Complaint"), Defendants Macy's Corporate

24  Services, LLC (f/k/a Macy's Corporate Services, Inc.) and Macy's Retail Holdings, LLC (as

25  successor by merger to Macy's West Stores, LLC f/k/a Macy's West Stores, Inc.) (collectively,

26  "Defendants") state as follows:

27                          **GENERAL DENIAL**

28          Pursuant to Code of Civil Procedure §431.30, Defendants deny the allegations in Plaintiff's

                                          1

EXHIBIT 1 000118

1 Complaint, deny that Plaintiff has been damaged/injured/harmed in any way whatsoever, deny that

2 Plaintiff is entitled to any relief in any amount or manner whatsoever from Defendants, and deny

3 that Plaintiff sustained injury, damage, detriment, harm, or loss by reason of any conduct, action,

4 error, or omission on the part of Defendants or any agent, employee, or other person acting under

5 Defendants' authority or control. This denial of the allegations of the Complaint is filed without

6 prejudice to Defendants' right to file amended answers, including additional defenses, and is filed

7 without prejudice to or waiver of Defendants' right to compel arbitration of the claims in Plaintiff's

8 Complaint.

9 **DEFENSES**

10      For further answer and as separate defenses to Plaintiff's Complaint and all purported

11 causes of action therein, and without assuming any burden of proof they otherwise would not have,

12 Defendants allege as follows:

13 **FIRST DEFENSE**

14      Plaintiff's Complaint and all the claims therein, as well as this entire action, are subject to

15 binding arbitration, pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related

16 to her employment, and the Court lacks jurisdiction to hear Plaintiff's claims.

17 **SECOND DEFENSE**

18      The Complaint and all purported causes of action therein fail to allege facts sufficient to

19 constitute any claim for relief against Defendants.

20 **THIRD DEFENSE**

21      Plaintiff's Complaint, claims, and relief requested are barred in whole or in part to the extent

22 Plaintiff failed to timely and fully exhaust the required administrative remedies.

23 **FOURTH DEFENSE**

24      Plaintiff's Complaint, claims, and relief requested are barred in whole or in part pursuant to

25 the doctrine of avoidable consequences and/or because Plaintiff failed to mitigate, minimize, or

26 otherwise avoid losses, damages, costs, or expenses.

27 **FIFTH DEFENSE**

28      Plaintiff's Complaint, claims, and relief requested are barred in whole or in part to the extent

EXHIBIT 1 000119

they are based on acts or events that occurred outside the applicable statutes of limitations.

## SIXTH DEFENSE

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by laches.

## SEVENTH DEFENSE

Plaintiff was an at-will employee.

## EIGHTH DEFENSE

Plaintiff's Complaint, claims, and relief requested barred in whole or in part by estoppel.

## NINTH DEFENSE

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by waiver.

## TENTH DEFENSE

Defendants allege, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duties or obligations that Plaintiff claims are owed by Defendants have been fully performed, satisfied, or discharged.

## ELEVENTH DEFENSE

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part because if Plaintiff sustained any damage, harm, and/or detriment as alleged in the Complaint, such damage, harm, and/or detriment was caused by her own conduct and/or the fault of others for whose conduct Defendants are not liable.

## TWELFTH DEFENSE

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by unclean hands.

## THIRTEENTH DEFENSE

Macy's had, at all relevant times, an anti-discrimination and anti-retaliation policy and complaint procedure in place and Plaintiff failed to avail herself of that policy and procedure. Plaintiff's damages, if any, are reduced to the extent Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

## FOURTEENTH DEFENSE

3

EXHIBIT 1 000120

1         Plaintiff's Complaint fails to state facts sufficient to constitute a claim for

2 punitive/exemplary damages against Defendants. Furthermore, Defendants did not commit

3 oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable

4 conduct with respect to Plaintiff, did not authorize or ratify any such acts, and did not have advance

5 knowledge of the unfitness of any employee and employ that employee with a conscious disregard

6 of the rights and safety of others.

7                               **FIFTEENTH DEFENSE**

8         Any conduct attributed to Defendants was justified, made in good faith, for legitimate, non-

9 discriminatory/non-retaliatory business reasons, was protected by the managerial privilege, and/or

10 was otherwise privileged.

11                               **SIXTEENTH DEFENSE**

12         At all times relevant, Defendants acted in good faith and did not violate any rights Plaintiff

13 may have under federal, state, or local laws, rules, regulations, or guidelines. Regardless, the same

14 decisions would have been made by Plaintiff's employer absent any improper motive, thereby

15 barring and/or limiting Plaintiff's damages.

16                            **SEVENTEENTH DEFENSE**

17         To the extent Defendants obtain after-acquired evidence of wrongdoing by Plaintiff through

18 discovery or otherwise, the Complaint and claims therein are barred by the doctrine of after-

19 acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged

20 damages.

21                              **EIGHTEENTH DEFENSE**

22         Plaintiff is not entitled to recover any punitive/exemplary damages because any award in

23 this action would violate Defendants' rights to due process and/or equal protection under the United

24 States and/or California Constitutions.

25                              **NINETEENTH DEFENSE**

26         Plaintiff's Complaint, claims, and relief requested are barred in whole or in part because

27 any alleged accommodation that Plaintiff claims should have been offered was above and beyond

28 what Macy's was reasonably able to provide and would have caused undue hardship.

 EXHIBIT 1 000121

### TWENTIETH DEFENSE

The Complaint and each cause of action set forth therein cannot be maintained against Defendants because any alleged adverse employment action was based upon reasonable factors other than any alleged protected category or status.

### TWENTY-FIRST DEFENSE

The Complaint and each cause of action set forth therein cannot be maintained against Defendants because any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any workers' compensation, disability, or other benefits and/or monies that Plaintiff has received or will receive.

### TWENTY-SECOND DEFENSE

The Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and California Labor Code section 132a, in that: (1) the injuries complained of occurred when both Plaintiff and Macy's were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; and (3) Plaintiff alleges the injuries were caused by her employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

### TWENTY-THIRD DEFENSE

Defendant Macy's Corporate Services, LLC (f/k/a Macy's Corporate Services, Inc.) is not a proper party to this action. Plaintiff was employed by Macy's West Stores, Inc. n/k/a Macy's Retail Holdings, LLC.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by the doctrines of ratification and/or justification.

### RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants' right to assert

EXHIBIT 1 000122

1   additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

2   **PRAYER**

3   WHEREFORE, having denied Plaintiff's Complaint and having alleged defenses,

4   Defendants pray:

5   1.   That this action be referred in its entirety to binding arbitration and dismissed or

6   alternatively stayed;

7   2.   That Plaintiff take nothing by her Complaint;

8   3.   For judgment in Defendants' favor and dismissal of all of Plaintiff's claims;

9   4.   To recover their costs and attorneys' fees incurred in this action; and

10   5.   For such other and further relief as the Court may deem proper.

11

12

13   Dated: January 13, 2021                              SCHWARTZ & DEUTSCH, LLP

14

15                                        By _____

16                                             SHIRLEY D. DEUTSCH

17                                        Attorneys for Defendants
                                          MACY'S CORPORATE SERVICES, LLC
18                                        (f/k/a MACY'S CORPORATE SERVICES, INC.)
                                          and MACY'S RETAIL HOLDINGS, LLC (as
19                                        successor by merger to MACY'S WEST STORES,
                                          LLC f/k/a MACY'S WEST STORES, INC.)

20

21

22

23

24

25

26

27

28

6

Defendants' Answer and Defenses to Plaintiff's Complaint

EXHIBIT 1 000123

# PROOF OF SERVICE

*(Code of Civil Procedure §1013A(3))*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Bank of America Plaza, 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071.

On January 13, 2021, I served the following document described as:

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

on the interested party(ies) in this action,

 XXX  by placing _____ the original  XXX   true copies thereof enclosed in sealed envelopes addressed as follows:

Ramin R. Younessi, Esq.
LAW OFFICES OF RAMIN R. YOUNESSI
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010

XXX   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at 333 South Hope Street, Los Angeles, California 90071 in the ordinary course of business.  The envelope was sealed and placed for collection that same day following ordinary business practices.

Executed on January 13, 2021 at Los Angeles, California.

I declare under the penalties of perjury under the laws of the State of California that the foregoing is true and correct.

_____
SHIRLEY D. DEUTSCH

EXHIBIT 1 000124